UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAN ANAND,<br>NOSAKHARE NOBORE,<br>NICHOLAS PAPPAS,<br>LEONARD UJKIC,<br>SOLOMON ALUKO,<br>  a/k/a "D1 ReallyRich," and<br>JORGE GONZALEZ,<br><br>          Defendants. | **SEALED INDICTMENT**<br><br>25 Cr. \_\_\_\_\_<br><br>**25 CRIM 110** |

**COUNT ONE**
(Conspiracy to Commit Wire Fraud and Bank Fraud)

The Grand Jury charges:

**Overview**

1. From at least in or about March 2020 through in or about March 2025, in the Southern District of New York and elsewhere, SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others, worked together to steal money that did not belong to them by passing counterfeit, stolen, and fraudulently obtained checks. They submitted the checks to banks and then withdrew or transferred funds before the banks could determine that the checks were counterfeit, stolen, or fraudulent. One member of the conspiracy, ANAND, was a bank teller at a bank ("Bank-1") at a branch in Queens County, New York, and he abused his position at Bank-1 to further the conspiracy. Among other things, ANAND opened bank accounts and added signatories to existing bank accounts using information or documents ANAND and

1

others knew to be false or stolen. In total, ANAND, NOBORE, PAPPAS, UJKIC, ALUKO, and GONZALEZ, and their co-conspirators, attempted to fraudulently obtain approximately 80 million dollars and succeeded in depositing approximately 50 million dollars.

### The Defendants' Scheme

2.  Many of the bad checks passed by SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and their co-conspirators, were checks issued by the United States Department of the Treasury (hereinafter, the "Treasury") that drew on public funds. The Treasury issued many of the checks used in connection with the scheme based on false and fraudulent filings with the Internal Revenue Service ("IRS") in connection with the Employee Retention Credit ("ERC") and Qualified Sick Leave Wages ("QSLW") credit.

3.  The ERC is a refundable tax credit for businesses and tax-exempt organizations that had employees during and were affected by the COVID-19 pandemic. Employers must have paid qualified wages to claim the credit. Eligible employers can claim the ERC on a Form 941, an employer's quarterly federal tax return. The QSLW credit is a related credit that was also established in response to the COVID-19 pandemic and may be claimed on a Form 941. An eligible employer may claim a fully refundable tax credit equal to 100 percent of the qualified sick leave wages it pays.

4.  SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and their co-conspirators, took advantage of those COVID-19 relief programs by submitting fraudulent applications for payments, obtaining checks from the programs, and submitting the checks to banks for payment. ANAND, NOBORE, PAPPAS, UJKIC, ALUKO, and GONZALEZ

then transferred or withdrew the funds obtained. They did not spend the funds on COVID-19 relief or any similar purpose. In some cases, ANAND, NOBORE, PAPPAS, UJKIC, ALUKO, and GONZALEZ, and their co-conspirators, created fake and shell companies in order to submit fraudulent applications for the COVID-19 relief payments, representing that the companies had employees when they did not. In other cases, ANAND, NOBORE, PAPPAS, UJKIC, ALUKO, and GONZALEZ, and their co-conspirators, submitted applications using information for existing companies, without the awareness or permission of the companies' owners.

5. Other Treasury checks passed as part of the scheme of SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, were payments for different tax refunds, including personal and corporate income tax refunds. Still other Treasury checks were associated with programs at other government agencies such as the Department of Veterans of Affairs and the Social Security Administration.

6. Some of the checks involved in the scheme—both Treasury checks and other business or individual checks—were stolen from the mail or elsewhere. Other checks were partially or completely forged.

### The Defendants' Execution of the Scheme

7. SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others, worked together to accomplish their fraudulent check scheme. For example, ANAND, NOBORE, PAPPAS, UJKIC, ALUKO, and GONZALEZ, and their co-conspirators, exchanged communications about how to accomplish the scheme and who would perform different tasks to further the scheme. They also coordinated the creation of bank accounts using stolen or fictitious

identities of individuals and businesses and discussed the movement of money after counterfeit, stolen, or fraudulently obtained checks were deposited.

8.     SHAN ANAND, the defendant, who was employed as a teller at Bank-1 between in or about 2014 and in or about June 2024, was integral to the success of scheme. As a teller, ANAND had the ability to review much of the personal data associated with bank accounts at Bank-1, open bank accounts at Bank-1, and add signatories to bank accounts at Bank-1. ANAND repeatedly accessed accounts at Bank-1 into which fraudulent or fraudulently obtained checks were deposited as part of the scheme. In some cases, ANAND opened the accounts based on false identity information. In other cases, ANAND added signatories to accounts based on fraudulent information. In some cases, ANAND made calls to Bank-1's internal "fraud hotline" when the bank had frozen an account or declined to pay out on a fraudulent check, to try to convince Bank-1 that the check and customer were real when, in truth and in fact, they were not. In actuality, ANAND was working with the members of the conspiracy to defraud his own employer, Bank-1, so that he and his co-conspirators could profit.

9.     Although SHAN ANAND, the defendant, was employed at Bank-1, Bank-1 was not the only bank at which SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and their co-conspirators, opened fraudulent accounts or passed fraudulent or fraudulently obtained checks as part of the scheme. ANAND, NOBORE, PAPPAS, UJKIC, ALUKO, and GONZALEZ, and their co-conspirators, opened bank accounts at banks located in, among other places, the Southern District of New York; deposited checks at banks located in, among other places, the Southern District of New York; withdrew cash at ATMs located in, among

other places, the Southern District of New York; and received checks in the mail at addresses located in, among other places, the Southern District of New York.

10.     NOSAKHARE NOBORE, the defendant, participated in various aspects of the conspiracy. Among other things, NOBORE created false documents to open bank accounts; deposited counterfeit, stolen, or fraudulently obtained checks; coordinated with SHAN ANAND, the defendant, regarding accounts at Bank-1; arranged with others to withdraw large quantities of the fraudulently obtained funds in cash at ATMs from accounts into which fraudulent checks were deposited; and himself withdrew such funds.

11.     NICHOLAS PAPPAS, the defendant, participated in various aspects of the conspiracy. Among other things, PAPPAS used false documents to open bank accounts; deposited counterfeit or fraudulently obtained checks; coordinated with SHAN ANAND, the defendant, regarding accounts at Bank-1; and withdrew, or arranged for others to withdraw, fraudulently obtained funds.  In connection with the scheme, PAPPAS used at least five different fake identification cards in the names of other people that bore PAPPAS's photograph.

12.     LEONARD UJKIC, the defendant, participated in the conspiracy by, among other things, depositing fraudulently obtained, counterfeit, or stolen checks and creating many of the fraudulent documents used in the scheme. UJKIC also advised other members of the conspiracy on how to properly create and use fraudulent documents. For example, on or about February 5, 2022, UJKIC communicated with NOSAKHARE NOBORE, the defendant, via a messaging application, regarding UJKIC preparing documents for an agent of the conspiracy to use in connection with the scheme. During that exchange, among other things, NOBORE and UJKIC communicated as follows:

| | | |
|---|---|---|
| UJKIC: | I'm ready for payment on corp. | |
| NOBORE: | How much | |
| UJKIC: | He's going to be the proud owner of [Entity Name] since Feb 2018 | |
| UJKIC: | $550 includes DBA | |
| NOBORE: | Okay I'll go to the bank in a few | |
| | . . . | |
| UJKIC: | Do you have a blank EIN doc? Let's have it all ready so there is no question moving forward. I'll even give you a link to the state website so they can Verify everything online. | |
| NOBORE: | Verify what? I typically just make a new one and photoshop the notice date and ein | |

13.     SOLOMON ALUKO, a/k/a "D1 Really Rich," the defendant, participated in the conspiracy by, among other things, depositing counterfeit, stolen, or fraudulently obtained checks and withdrawing funds from such checks. Some of the accounts at Bank-1 that ALUKO used to deposit or withdraw fraudulently obtained funds were opened by SHAN ANAND, the defendant, and ANAND also added signers to some of those accounts. Some of the personal identifying information used in connection with those accounts came from individuals who were not members of the conspiracy and had nothing to do with the scheme—apart from their identities being stolen and then used without their authorization. ALUKO and NOSAKHARE NOBORE, the defendant, also communicated about this and other fraudulent schemes. For example, on or about November 24, 2021, ALUKO sent NOBORE a video of a screen recording of a document or documents titled "✅ 2021 Fraud Bible ✅" (the "Fraud Bible"), as shown in the following image:



The Fraud Bible contained instructions on how to engage in various forms of fraud, including credit card fraud, ATM fraud, and mobile cash transfer fraud.

14.     JORGE GONZALEZ, the defendant, participated in the conspiracy by, among other things, depositing counterfeit or fraudulently obtained checks and withdrawing funds. GONZALEZ was also involved in opening bank accounts to receive fraudulent check deposits. For example, on or about August 30, 2021, GONZALEZ sent NOSAKHARE NOBORE, the defendant, a photograph of an IRS document. This IRS document was addressed to a specific individual ("Individual-1") and a specific business ("Entity-1") at an address in New Jersey.

Thereafter, GONZALEZ also sent NOBORE an address in the Bronx ("Address-1"). Between on or about November 18, 2021, and on or about October 20, 2021, members of the conspiracy used a bank account held in the name of Individual-1 for Entity-1, at Address-1, to deposit approximately $697,549.81 in Treasury checks based on fraudulent ERC or QSLW credit filings.

### The Defendants' Logo

15. Since at least in or about 2021, some members of the conspiracy, including NOSAKHARE NOBORE, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, have worn clothing items bearing a logo depicting a sack of money running along with the phrase "Bag Hunter" (as is depicted below).



NOBORE and ALUKO wore clothing items bearing the logo while passing counterfeit or fraudulently obtained checks or withdrawing money at banks in connection with the scheme. For example, on or about May 6, 2024, ALUKO deposited a fraudulently obtained Treasury check in the amount of $91,440.00 at an ATM in the Bronx, while wearing the Bag Hunters logo. Similarly, on or about May 11, 2024, NOBORE withdrew fraudulently obtained funds at an ATM in New Jersey while wearing the Bag Hunters logo, as is depicted in the following bank surveillance footage:



## STATUTORY ALLEGATIONS

16.     From at least in or about March 2020 through in or about March 2025, in the Southern District of New York and elsewhere, SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

17.     It was a part and an object of the conspiracy that SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for

obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, NOBORE, ANAND, PAPPAS, UJKIC, ALUKO, GONZALEZ, and others agreed to defraud the federal government by submitting fraudulent applications for funds and to defraud various banks by submitting and causing to be submitted fraudulent checks to Bank-1 and other banks in order to obtain funds, including by conducting withdrawals of the proceeds of the scheme at bank branch locations in the Southern District of New York and elsewhere, and sent and received, and caused others to send and receive, electronic communications to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

18.     It was further a part and an object of the conspiracy that SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, NOBORE, ANAND, PAPPAS, UJKIC, ALUKO, GONZALEZ, and others agreed to submit and caused to be submitted fraudulent checks to Bank-1 and other banks in order to obtain funds, including by conducting withdrawals of the proceeds of the scheme at bank branch locations in

the Southern District of New York and elsewhere; submitted false information to Bank-1 and other banks in order to open bank accounts in furtherance of their scheme, including opening bank accounts in connection with the scheme at banks located in the Southern District of New York and elsewhere; and caused others to send and receive electronic communications to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
(Conspiracy to Commit Money Laundering and Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity)

The Grand Jury further charges:

19. The allegations set forth in paragraphs 1 through 15 of this Indictment are repeated and alleged as if fully set forth herein.

20. From at least in or about March 2020 through in or about March 2025, in the Southern District of New York and elsewhere, SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and to engage in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

21. It was a part and an object of the conspiracy that SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of

unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

22.   It was a further part and an object of the conspiracy that NOSAKHARE NOBORE, SHAN ANAND, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others known and unknown, knowingly engaged and attempted to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the defendants conducted transfers of funds in amounts in excess of $10,000 involving financial institutions consisting of proceeds from wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1956(h).)

## COUNT THREE
### (Conspiracy to Defraud the Government)

The Grand Jury further charges:

23.   The allegations set forth in paragraphs 1 through 15 of this Indictment are repeated and alleged as if fully set forth herein.

24. From at least in or about March 2020 through in or about March 2025, in the Southern District of New York and elsewhere, SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, and others known and unknown, knowingly entered into an agreement, combination, and conspiracy to defraud the United States, and a department and agency thereof, by obtaining and aiding to obtain the payments and allowance of any false, fictitious, fraudulent claim, to wit, NOBORE, PAPPAS, ANAND, UJKIC, ALUKO, and GONZALEZ, engaged in a scheme to submit false information and fraudulent applications to the Internal Revenue Service and other government agencies to obtain fraudulent tax credits and other fraudulent payments.

(Title 18, United States Code, Section 286.)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury further charges:

25. The allegations set forth in paragraphs 1 through 15 of this Indictment are repeated and alleged as if fully set forth herein.

26. From at least in or about March 2020 through in or about March 2025, in the Southern District of New York and elsewhere, SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, NOBORE, PAPPAS, ANAND, UJKIC, ALUKO, and GONZALEZ, possessed, used, and transferred the personal identifying information of other persons, including names, dates of birth, social security numbers,

passport numbers, driver's license numbers, employer identification numbers, tax identification numbers, and identity documents (such as driver's licenses and tax forms) during and in relation to the wire fraud, bank fraud, money laundering, and fraud on the government conspiracies charged in Counts One through Three of this Indictment, and aided and abetted the same.

(Title 18, United States Code, Sections 1028A(a)(1), 1028(b), and 2.)

### FORFEITURE ALLEGATIONS

27.  As a result of committing the offense alleged in Count One of this Indictment, SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

28.  As a result of committing the offense alleged in Count Two of this Indictment, SHAN ANAND, NOSAKHARE NOBORE, NICHOLAS PAPPAS, LEONARD UJKIC, SOLOMON ALUKO, a/k/a "D1 ReallyRich," and JORGE GONZALEZ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

29.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

*Matthew Podolsky*
MATTHEW PODOLSKY
Acting United States Attorney